LANIER & BROWN v. JOSHUA BELL.

*Material-Man's  Lien—Notice, where Filed.*

1. Notice of a lien on land must be filed in the office of the superior court clerk.

2. It is certain that the vendor of lumber has no lien on the same for the purchase-money, unless the lumber be furnished with the understanding that it is to be used in building or repairing buildings on the purchaser's land.

(*Quære*—As to whether the lien attaches when such understanding exists.)

CIVIL ACTION, tried at Spring Term, 1879, of HALIFAX Superior Court, before *Eure, J.*

The opinion contains the facts.   The plaintiffs recovered judgment in this action before a justice of the peace, and on appeal His Honor held that the plaintiffs had no lien upon the premises but that they had a lien upon the lumber and gave judgment accordingly, from which the defendant appealed.

*Messrs. Mullen & Moore,* for plaintiffs.
*Messrs. Reade, Busbee & Busbee,* for defendant.

ASHE, J.   This action was begun  before a justice of the peace in the county of Halifax to recover the  price of a lot of lumber sold and delivered by the plaintiffs to the defendant, and piled on his land on  the 19th of  October, 1878; and also to enforce a pretended lien not only upon the lumber but upon the land on  which it was piled, a notice of which the plaintiffs claimed to have filed  with a  justice of the peace in said county on the 9th of November, 1878.

The defendant admitted the debt but denied the lien, and it was adjudged by the  court "that the plaintiffs having complied in all respects with the provisions of the statute to

22

entitle them to a lien upon the lumber sold by them to the defendant, that they recover of the defendant the sum of ninety dollars with interest thereon from the 19th of October, 1878, till paid, and for costs of this action, to be taxed by the clerk, and that they have all the remedies and process provided by statute for the enforcement of said recovery."

The notice of lien was as follows:

The plaintiffs, Lanier & Brown, complained of an account amounting to ninety dollars due for bill of lumber furnished the defendant, Joshua Bell, the 19th of October, 1878, and filed a lien for said amount on said lumber now piled on said premises of said defendant, this 9th of November, 1878, with E. P. Hyman, J. P. Plaintiffs also filed on the premises of said defendant, whereon said lumber is piled, a lien for said amount, this 9th of November, 1878."

If this notice of lien had been in proper form, complying with all the requisites of the statute, it would not have created a lien upon the land of the defendant because it was not filed with the clerk of the superior court as the law requires.

The lien for materials furnished is given by the first section of chapter 65 of Battle's Revisal, which is as follows: " Every building built, rebuilt, repaired or improved, together with the necessary lots on which said building may be situated, and any lot, farm or vessel, or any kind of property not herein enumerated, shall be subject to a lien for the payment of all debts contracted for work done on the same, or materials furnished."

Several of the states have lien laws very similar in phraseology to ours, and the construction put upon them has not

been uniform. In some of them it has been held that there is a lien on the building, &c., for materials furnished for the purpose or with the understanding that they were to be used in the erection or repairing of a building, whether so used or not; in others, that the material-man had a lien for the materials furnished, with the understanding they were to be used in the construction of a building, although they were not used for such a purpose; and in others, with lien laws more resembling our own, that no lien can be acquired upon materials furnished for a building, &c., as distinct from the building, but only upon the building, &c., in the construction or repairing of which they are used.

While we are inclined to hold the latter the proper construction of our statute, it is not necessary for the purposes of this appeal to decide that question, as the lien claimed by the plaintiffs does not come within the scope of either of the constructions. It no where appears in the case that the lumber was used in the erection, repairing or improvement of a building, or that it was furnished with the understanding that it was to be used for such a purpose. It was an unqualified sale of the lumber, and the vendor acquired no more lien upon it by his pretended notice of lien, than any other vendor has upon personal property he has sold and delivered.

There is error. So much of the judgment of the court below as relates to the lien and the enforcement thereof is reversed. Let this be certified, &c.

Error.                                   Reversed.